**ST. PAUL FIRE & MARINE INS. CO., et al., Appellants,**

v.

**ARKLA CHEMICAL CORP., Appellee.**

**Nos. 20415, 20417.**

United States Court of Appeals, Eighth Circuit.

Aug. 18, 1970.

Dennis L. Shackleford, El Dorado, Ark., motion for extension of time for the filing of appendix and brief was filed in this Court.

Before MATTHES, Chief Judge, and LAY, Circuit Judge.

PER CURIAM.

This is a civil proceeding involving both a direct appeal and cross-appeal from the judgment of the district court. The matter comes before us on a motion for an extension of time in which to file the appellants' appendix and brief; the motion is accompanied by a letter from the district court reporter that she will not be able to complete the transcript for "several months." We deny leave for such an extension.

There is no showing that the appellant has attempted to invoke Rules 10(c) or

(d) of the Federal Rules of Appellate Procedure. Rule 10(c) reads as follows:

> "*Statement of the Evidence or Proceedings When no Report Was Made or When the Transcript is Unavailable.* If no report of the evidence or proceedings at a hearing or trial was made, *or if a transcript is unavailable,* the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or propose amendments thereto within 10 days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the district court for settlement and approval and as settled and approved shall be included by the clerk of the district court in the record on appeal." (Emphasis ours.)

Under the circumstances as outlined by appellant, we view the "transcript * * * unavailable."

Rule 10(d) reads as follows:

> "*Agreed Statement as the Record on Appeal.* In lieu of the record on appeal as defined in subdivision (a) of this rule, the parties may prepare and sign a statement of the case showing how the issues presented by the appeal arose and were decided in the district court and setting forth only so many of the facts averred and proved or sought to be proved as are essential to a decision of the issues presented. If the statement conforms to the truth, it, together with such additions as the court may consider necessary fully to present the issues raised by the appeal, shall be approved by the district court and shall then be certified to the court of appeals as the record on appeal and transmitted thereto by the clerk of the district court within the time provided by Rule 11. Copies of the agreed statement may be filed as the appendix required by Rule 30."

Rule 10(e) supplements the above procedure:

> "*Correction or Modification of the Record.* If any difference arises as to whether the record truly discloses what occurred in the district court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the district court, either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the court of appeals."

All of these rules may be utilized to prepare an abbreviated appendix in compliance with Rule 30. We further call attention to the parties to the use of a deferred appendix under Rule 30(c).

■■ The above rules are designed to alleviate congestion and delay in the courts. They should be utilized whenever possible. Although Rule 10 is derived from the former Federal Rules of Civil Procedure 75(a), (b), (c) and (d), as well as Federal Rule of Civil Procedure 76, we observe the abbreviated procedure has seldom been invoked. In rare instances a complete transcript, with all questions and answers and the testimony of all witnesses transcribed, may be deemed essential by the parties to certain appeals. Our experience in the majority of cases indicates otherwise. For example, we recently reviewed a record where only three pages from a 1500 page transcript were relevant to the question on appeal. Full utilization of the abbreviated, stipulated record under Rule 10 not only will avoid unnecessary delays and court congestion, but its practical application will save litigants thousands of dollars in high

printing costs. Furthermore, a true focus on the relevant issues and testimony can better achieve an efficient, as well as a fair, administration of justice.

Motion denied.